UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 25cr10307 |
| v. | Violations: |
| JEREMY D. WOODLEY, | Counts One and Two: Bank Robbery (18 U.S.C. § 2113(a)) |
| Defendant | Forfeiture Allegation: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) |

INFORMATION

COUNT ONE
Bank Robbery
(18 U.S.C. § 2113(a))

The United States Attorney charges:

On or about February 20, 2025, at Boston, in the District of Massachusetts, the defendant,

JEREMY D. WOODLEY,

did, by force and violence, and by intimidation, take from the person and presence of another money in the amount of $500.00, more or less, belonging to, and in the care, custody, control, management and possession of, a Berkshire Bank branch located at 1320 Washington Street in Boston, Massachusetts, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation.

All in violation of Title 18, United States Code, Section 2113(a).

<u>COUNT TWO</u>
Bank Robbery
(18 U.S.C. § 2113(a))

The United States Attorney further charges:

On or about February 21, 2025, at Boston, in the District of Massachusetts, the defendant,

JEREMY D. WOODLEY,

did, by force and violence, and by intimidation, take from the person and presence of another money in the amount of $500.00, more or less, belonging to, and in the care, custody, control, management and possession of, a Citizens Bank branch located at 580 Washington Street in Boston, Massachusetts, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation.

All in violation of Title 18, United States Code, Section 2113(a).

## BANK ROBBERY FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 2113(a), set forth in Count One and Two, the defendant,

JEREMY D. WOODLEY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.   The property to be forfeited includes, but is not limited to, the following assets:

a.  $1,000.00, to be entered in the form of a forfeiture money judgment.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant—

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY
United States Attorney


By:     */s/ Sandra Gonzalez Sanchez*
Sandra Gonzalez Sanchez
Assistant United States Attorney


Date:   July 18, 2025